# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| R. DALE FUSSELL, | ) | DOCKET NO. 3:14-mc-205 |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| NATHAN SHANE WOLF, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner Dale Fussell's Motion to Quash Subpoena (Doc. No. 1), Respondent Nathan Wolf's Memorandum in Opposition (Doc. No. 2), and Mr. Fussell's Reply Memorandum in Support (Doc. No. 3). The Motion seeks the quashal of a subpoena issued in the case *United States v. Nathan Shane Wolf*, 3:12-cr-239-16 which seeks "[c]opies of all documents in your possession or control relating to the following: Bank account statements, cancelled checks and records of disbursement from your trust account for all residential real estate transactions between January 1, 2004 and January 31, 2014." (Doc. No. 1-1).

Fussell asserts that the request would require him to produce documents relating to approximately 25,000 real estate transactions and is therefore unreasonable and burdensome. Moreover, he asserts that the information requested is largely irrelevant to Wolf's case because only four of those transactions involved Wolf. In response, Wolf notes that he seeks to file a new motion for a new trial and that his request seeks evidence in support of that motion. Wolf

1

presented an advice-of-counsel defense at his trial; the Government called Fussell as a rebuttal witness, and Wolf seeks to demonstrate the untruthfulness of his testimony.[1]

Federal Rule of Criminal Procedure 17 calls for the quashal of a subpoena "if compliance would be unreasonable or oppressive." FED. R. CRIM. P. 17(c)(2). This subpoena seeks the production of documents related to approximately 25,000 separate real estate transactions spanning more than a decade. The subpoena does not attempt to restrict the information sought to documents which might be relevant to Wolf's case. Wolf himself admits that he "seeks copies of the records showing all money moving out of Fussell's trust account." (Doc. No. 2 at 3). As a result, the Court finds that the subpoena is unreasonable and oppressive on its face. The sheer volume of information requested is unreasonable, and Wolf's failure to even attempt to restrict the subpoena to potentially probative material "betokens a 'general fishing expedition.'" *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)). Requests of this kind are not permitted by Rule 17. *See id.* For these reasons, as well as the additional reasons set forth in Fussell's Motion and Reply, the Court will grant the Motion.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Quash Subpoena (Doc. No. 1) is **GRANTED**. Petitioner's request for fees is **DENIED**.

**SO ORDERED.**

Signed: December 4, 2014

Graham C. Mullen
United States District Judge

---

[1] Wolf previously sought a new trial based on the alleged untruthfulness of Fussell's trial testimony (Doc. No. 403). The Court held a hearing and denied that motion on January 30, 2014 (Doc. No. 483).